# In the United States Court of Federal Claims

No. 23-457
Filed: July 7, 2023[*]
NOT FOR PUBLICATION

---

**BEAR MOUNTAINSIDE REALTY LLC,**

                *Plaintiff,*

**v.**

**UNITED STATES,**

                *Defendant.*

---

*Gordon Griffin*, Holland & Knight LLP, Washington, D.C., with *Hillary J. Freund* and *Richard Ariel*, of counsel, for the plaintiff.

*Matney E. Rolfe*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for the defendant.

## MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

The plaintiff, Bear Mountainside Realty LLC, filed a bid protest on March 31, 2023, against the United States, acting through the General Services Administration ("GSA"), relating to the cancelation of a solicitation for a lease. A schedule for the defendant to file the administrative record and for the parties to file motions for judgment on the administrative record was set. The defendant filed the administrative record, and the plaintiff now seeks to supplement the administrative record with additional documents obtained through the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and to take limited document discovery and deposition testimony.

The plaintiff argues that supplementation of the record with documents it obtained through FOIA from the Internal Revenue Service ("IRS"), the agency that would have occupied the leased property, is needed to show that government employees were motivated to act in bad

---

[*] Pursuant to the protective order in this case, this opinion was filed under seal on June 23, 2023. The parties were directed to propose redactions of confidential or proprietary information by July 7, 2023. The parties jointly submitted proposed redactions on July 7, 2023. (ECF 31.) The Court adopts the parties' redactions, as reflected in this public version of the opinion. Redactions are denoted with three asterisks in square brackets, [***].

faith in canceling the solicitation.  The plaintiff argues that further discovery is necessary to develop the proof necessary for effective judicial review of the cancelation.

The defendant argues that supplementation is inappropriate because the plaintiff has neither made the threshold showing for supplementation nor shown any evidence of bias by the GSA, the deciding agency in the lease procurement.

The plaintiff's motion is granted-in-part and denied-in-part.

## I.   BACKGROUND

### A.   The Leases and Solicitations

In 2004, the plaintiff was awarded a long-term lease for 26,724 square feet of commercial office space for use by the IRS in a building in located in Mountainside, New Jersey.  The GSA and the plaintiff have agreed to several short-term lease extensions for the space.  The lease is currently set to end in September 2023.

In 2007, the IRS leased commercial space in Springfield, New Jersey ("Park Place"), and has been gradually transferring its operations from the Mountainside office to the Park Place office.  The Park Place lease has been repeatedly extended without competitive bidding.  Since the initial lease, the IRS has expanded the space it occupies at Park Place.

The most recent extension of the Park Place lease was conducted on a sole-source basis based on the $27.99 per rentable square foot cost, which the plaintiff alleges was lower than the Springfield area market rate of $30.03 to $46.46 per rentable square foot.  The plaintiff alleges that the justification for the most recent sole-source extension of the Park Place lease ignored the plaintiff's offer of space at the Mountainside property for ready-to-use rental space that was "well below Park Place's $27.99 figure."

Apart from these two leases, the GSA has repeatedly commenced and canceled solicitations for a long-term lease of commercial space for the IRS near Mountainside.

The first such solicitation took place in 2012.  That solicitation initially sought a lease in an area that included the Mountainside property but was later amended to exclude it.  The plaintiff protested its exclusion due to the amendment, and the defendant took corrective action, but the solicitation was ultimately canceled.

The second solicitation took place in 2021 on a lowest-priced, technically acceptable basis.  This solicitation sought to consolidate the Mountainside and Park Place leases under a proposed 20-year lease of between 38,642 and 40,473 square feet of commercial space in Springfield, New Jersey.  The solicitation required a $2.50 per square foot tenant improvement allowance for the Park Place office, while also requiring a $55.62 per square foot allowance for all other locations.  This discrepancy would have imposed more than $2 million in costs on the plaintiff to lease the Mountainside office to the defendant than leasing the Park Place office would allegedly have cost the owner of that property.

After the plaintiff protested the 2021 solicitation's price requirements and evaluation criteria before the Government Accountability Office ("GAO"), the defendant canceled the solicitation because "options not available to the Agency at the beginning of the procurement process [had] become available and warrant consideration." The GAO dismissed the protest.

The plaintiff then protested the GSA's cancelation of the solicitation to the GAO, claiming the cancelation lacked a rational basis, and was unreasonable and unlawful. During that protest, the plaintiff received access to an agency report that indicated that the defendant had completed a cost-benefit analysis in support of a sole-source justification and approval for a lease of the Park Place office. After the pricing provided in the plaintiff's proposal for a lease of the Mountainside office caused a revision of the cost-benefit analysis, the defendant agreed to take corrective action and reissue the solicitation.

On June 16, 2022, the GSA reissued the second solicitation, which is thus the third, and current, solicitation. On August 24, 2022, the plaintiff submitted its offer. On September 30, 2022, the GSA emailed the plaintiff asking it to confirm the "very low" shell and operating rent reflected in the plaintiff's offer. The plaintiff confirmed its offer.

On November 16, 2022, the GSA informed the plaintiff that it was again canceling the solicitation. The GSA explained that the solicitation was canceled "due to a change in circumstances" and that "[t]he Government is reevaluating requirements. It is, therefore, in the best interests of the Government to cancel the [solicitation.]"

On November 28, 2022, the plaintiff filed a protest with the GAO challenging the cancelation of the solicitation as improper. During the protest, it became apparent that the GSA had canceled the solicitation based on a short email it had received from the IRS which stated:

> We will be terminating the Mountainside lease and looking to consolidate IRS operations there and in Springfield to the [***] area due to changing IRS business needs. The [***] area is walking distance to the Northeastern Corridor Train Rail and Ideal location for IRS employees and customer commuting. Our USF will increase due to planned new hires and need for additional storage space. We are still discussing location need for our Taxpayer Assistance Center in Springfield. Once that decision has been made, a new DA, FMSS-81, and full requirements package will be provided GSA.

The IRS provided the GAO an affidavit signed by its "Facilities Management & Security Services Associate Director Operations East," Gary J. Lombardi. (AR 3809-10.) In the affidavit, Mr. Lombardi averred that "there have been a number of changes to the needs of the IRS . . . result[ing] in a need to cancel the [s]olicitation . . . ." (AR 3809.) Mr. Lombardi further noted that "[t]he IRS has not yet determined what its final needs for office space in this region of New Jersey are at this time," and that return to office activities following COVID-19 and the way IRS employees carried out their work had "drastically changed" causing "the IRS [to] believe[ ] that consolidation of offices may better meet the Agenc[y's] need." (*Id.*) Mr.

3

Lombardi therefore affirmed that the IRS had "not reached a final decision with regards to how much space will be required, what the specific requirements of that space will be, and where that space would best be located." (*Id.*)  Mr. Lombardi did note a potential need to keep a Taxpayer Assistance Center ("TAC") in the same congressional district where it is currently located.  (AR 3810.)

The GAO subsequently denied the plaintiff's protest on February 28, 2023.  The plaintiff then filed its complaint on March 31, 2023, continuing to challenge the cancelation of the solicitation.

## II.   STANDARD OF REVIEW

Agency decisions challenged in bid protest actions are reviewed under the standards set forth in the Administrative Procedure Act, 5 U.S.C. § 706, based on the administrative record provided by the agency.  *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379 (Fed. Cir. 2009) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).  A plaintiff may seek to supplement the administrative record, however, if the plaintiff shows that "the omission of extra-record evidence precludes effective judicial review."  *Id.* at 1380 (cleaned up).  The party seeking to supplement the record bears the onus of explaining how and why the additional materials are required to allow effective judicial review.

If a court allows for the addition of extra-record evidence, that court must "explain why the evidence omitted from the record frustrated judicial review as to the ultimate question of whether" the agency's action "was arbitrary and capricious."  *AgustaWestland N. Am., Inc. v. United States*, 880 F.3d 1326, 1332 (Fed. Cir. 2018).  That explanation must be supported by "more than conclusory statements."  *Id.*

Ordinarily, the government is entitled to a presumption of regularity and good faith.  *See Galen Med. Assocs., Inc. v. United States*, 369 F.3d 1324, 1335 (Fed. Cir. 2004).  Despite that presumption, judges of this court have recognized that an administrative record is unlikely to contain evidence of bad faith by government employees.[1]  *See, e.g., Starry Assocs., Inc. v. United States*, 125 Fed. Cl. 613, 621-22 (2015) (citing *Beta Analytics Int'l v. United State*s, 61

---

[1] "In the cases where the court has considered allegations of bad faith, the necessary 'irrefragable proof' has been equated with evidence of some specific intent to injure the plaintiff."  *Torncello v. United States*, 231 Ct. Cl. 20, 681 F.2d 756, 770 (1982).  The "irrefragable proof" required to succeed on the merits of a bad faith claim "amounts to clear and convincing evidence."  *Galen Med. Assocs., Inc. v. United States*, 369 F.3d 1324, 1330 (Fed. Cir. 2004) (cleaned up).

Fed. Cl. 223, 226 (2004); *L–3 Commc'ns Integrated Sys., L.P. v. United States*, 91 Fed. Cl. 347, (2010); *Int'l Res. Recovery, Inc. v. United States*, 61 Fed. Cl. 38, 41-42 (2004)).[2]

As Judge Bruggink explained, supplementation of the administrative record with evidence of bad faith by government employees has been permitted "if [a plaintiff] can make a threshold showing of 'motivation for the Government employees in question to have acted in bad faith or conduct that is hard to explain absent bad faith,' and that 'discovery could lead to evidence which would provide the level of proof required to overcome the presumption of regularity.'" *Starry Assocs.*, 125 Fed. Cl. at 622 (quoting *Beta Analytics*, 61 Fed. Cl. at 226).  A plaintiff's threshold showing must be well-grounded and "rest on hard facts, not merely suspicion or innuendo." *Price Gordon Servs. v. United States*, 139 Fed. Cl. 27, 50 (2018) (cleaned up).

Even when supplementation is appropriate, "discovery of the contracting officer's reasoning is not lightly to be ordered . . . ." *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1341 (Fed. Cir. 2001).  "Testimony from a procurement official should be the last resort." *Orion Int'l Techs. v. United States*, 60 Fed. Cl. 338, 346 (2004).

## III.    DISCUSSION

The plaintiff seeks to supplement the record with the documents it obtained under FOIA. The plaintiff also requests permission to take discovery seeking: (1) all internal IRS records related to the IRS decision to request the cancelation of the solicitation; (2) all related inter-agency communications between the IRS and the GSA; and (3) all internal GSA communications and documentation regarding the cancelation of the solicitation.  Finally, the plaintiff seeks to depose two IRS officials: Terry Mount, the IRS Chief of Portfolio Management, and Thomas Huba.  The plaintiff also seeks to depose Allana Fitzpatrick, the GSA contracting officer responsible for this procurement.[3]

### A.    The FOIA Documents

The plaintiff attached two exhibits to its complaint and one exhibit to its brief in support of the motion.  These exhibits contain emails and other documents obtained from the IRS through a FOIA request.  The plaintiff seeks to add these documents to the administrative record.

The plaintiff takes a global approach to these documents.  Nowhere does it identify individual documents and present an argument that each document itself is necessary for

---

[2] Both parties agree that *Starry Associates* sets forth the correct standard for considering allegations of bad faith in the context of a motion to supplement the administrative record.  (*See* ECF 23 at 20-21; ECF 29 at 9-10.)

[3] The plaintiff originally also sought to depose Mr. Lombardi and conduct additional discovery to substantiate his declaration to the GAO.  The plaintiff withdrew these requests at oral argument, and they are not considered in this opinion.

effective judicial review.  Instead, the plaintiff throws the entirety of its appendix to its complaint at the Court and argues all the documents are needed for effective judicial review, even though on their face many of the documents are irrelevant to the issues presented by the complaint.  The defendant does not challenge the plaintiff's failure to explain why any specific document is necessary for effective judicial review.  Had the defendant challenged the plaintiff's global approach, the Court might well have denied the motion, but by failing to make that argument, the defendant has waived it.  At oral argument, the plaintiff was allowed to present arguments as to specific documents.

The FOIA documents in the exhibits to the complaint address a mix of subjects, many of which appear irrelevant to the issues at hand.  (*See* ECF 1-1 at 29 (noting quality ratings of the Mountainside and Park Place offices), 32-38 (post-cancelation or undated documents seeking updates on the status of the existing leases); ECF 1-2 at 2-5 (documents about an apparently unrelated "Paramus" office), 14-38 (an incomplete copy of the lease executed in 2007 for the Park Place office).  Other documents appear tangentially related at best; these deal largely with the details of the potential relocation of the TAC between the Mountainside and Park Place offices.  (*See* ECF 1-1 at 5-6, 9-10, 17-18, 23-28; ECF 1-2 at 10.)

As for the documents attached to the plaintiff's brief, all appear to concern routine building maintenance matters (ECF 23-3 at 2-7, 9-12) or are duplicates of documents in other exhibits (*id.* at 8, 13-23).

The plaintiff has demonstrated that some of the documents attached to the complaint address the potential motivation of the IRS in requesting certain procurement specifications and explain their thoughts on the Mountainside office.  (ECF 1-1 at 2-4, 7-14, 22, 30-31; ECF 1-2 at 6-10.)  These emails always involve at least one of the two IRS employees and/or the GSA employee whom the plaintiff seeks to depose and who are most intimately involved in the solicitation and its cancelation.  These documents form the nucleus of the plaintiff's effort to infer bad faith by the defendant in the cancelation of the solicitation by reflecting the consideration of unstated or irrelevant factors.

The defendant's argument that IRS documents are irrelevant because the GSA, not the IRS, made the decision to cancel the solicitation is unavailing.  The GSA initiated the solicitation at the request of the IRS; the GSA canceled the solicitation at the request of the IRS.  The decision did belong to the GSA, but the IRS was not a mere bystander to the events.  The administrative record is devoid of any documentation that indicates the GSA did any independent analysis before it acquiesced to the IRS's request to cancel the solicitation.  Documents that may tend to show an improper motive or bad faith on the part of IRS officials may not ultimately be dispositive on the merits, but they are necessary to allow effective judicial review of the cancelation, even if GSA officials neither saw nor considered them.  Certain documents may also tend to show a motivation for the IRS officers to have acted in legal bad faith, namely that they personally disliked the Mountainside office and wanted to avoid occupying it in future.

To prevent relevant FOIA documents from being added to the record effectively deprives the plaintiff of any ability to argue that the IRS considered improper motives and presented the GSA with a fabricated justification for requesting the cancelation of the solicitation.

Accordingly, the plaintiff has satisfied its burden in showing that the following documents are necessary for effective judicial review of its claims and should be added to the administrative record: ECF 1-1 at 7-8; 11-12; 13; 22; 30-31; and ECF 1-2 at 6-7. These documents are internal IRS documents that reflect discussions about the solicitation and the views of various IRS officials regarding the plaintiff's property, among related topics. They may support inferences necessary for the plaintiff's claim of bad faith by IRS officials.

The plaintiff has failed to meet its burden to show that any other document from the IRS FOIA response, attached in either Exhibit A or B to the complaint or Exhibit C to the plaintiff's brief, is either relevant or necessary to allow for effective judicial review of the plaintiff's claim.

## B.    Discovery of Internal IRS Documents

The plaintiff next seeks discovery from the IRS of all records related to its role in the cancelation. The plaintiff asserts that the documents it obtained through its FOIA request reflect bad faith by the IRS and argues that "[i]t is eminently reasonable to believe that there are more emails and documents from the IRS that show how the IRS was biased against" the plaintiff. (ECF 23 at 24.) The plaintiff does not explain in its briefing the basis for that belief other than asserting "the reasoning for the cancellation had to have been discussed between IRS employees before providing the reasoning to GSA." (*Id.* at 25.) The IRS apparently produced emails and other documents in response to the plaintiff's FOIA request. At oral argument, however, the plaintiff clarified that the IRS is producing documents responsive to the plaintiff's FOIA request on a rolling basis and that not all such documents have been produced.

The plaintiff's request is overbroad. The plaintiff is on a fishing expedition in seeking all internal IRS documents. As is evident from the irrelevancy of most of the documents appended to the complaint, the broad net cast by the plaintiff would potentially continue to produce large numbers of irrelevant documents.

Just as some of the FOIA-produced documents are properly added to the administrative record, some number of additional internal IRS documents might also wind up being necessary for effective judicial review. Specifically, documents and emails to and from Mr. Mount, who was the IRS official who emailed the GSA asking for the solicitation to be canceled. Mr. Mount's documents and emails covering the period between when the solicitation was issued, June 16, 2022, through the day it was canceled, November 16, 2022, may shed light on the IRS's motivation in requesting that the GSA cancel the solicitation. Because the IRS is continuing to produce documents responsive to the plaintiff's FOIA request, and a carefully limited discovery order might produce further delays, the defendant was asked to expedite the production of documents from Mr. Mount from the relevant period.

With the potential exception of relevant documents involving Mr. Mount, the plaintiff has failed to show that other documents from the IRS are necessary for effective judicial review.

Accordingly, the motion to conduct discovery from the IRS is denied.   Because of Mr. Mount's direct role in the cancelation of the solicitation, the denial is without prejudice with respect to relevant emails and documents to and from Mr. Mount from June 16, 2022, through November 16, 2022, to allow the FOIA process to continue without interruption.   The plaintiff may renew its motion with respect to Mr. Mount's documents if they are not produced pursuant through FOIA by July 17, 2023.

### C.   Discovery of IRS-GSA Communications

The plaintiff also seeks discovery of interagency communications between the IRS and the GSA.   The plaintiff postulates that because the FOIA documents reflect meetings between IRS and GSA officials, there must be existing documents that reflect additional inter-agency communications regarding the cancelation of the solicitation.

The record already contains communications between the IRS and the GSA.   These communications go to the heart of the issue: the IRS request to cancel the solicitation, a demand from the GSA for a rationale, and the IRS rationale.   The plaintiff has no evidence that additional relevant documents exist, and the defendant represented in its briefing (ECF 29 at 11) and again at oral argument that all such communications are contained in the administrative record.   The plaintiff has pointed to no inference from documents in the record or from any of its FOIA documents that other communications between the IRS and the GSA relevant to the cancelation decision were withheld or are otherwise missing from the record.   The plaintiff merely posits that such documents must exist because of the paucity of such documents in the record.   Speculation is not evidence and is inadequate in the face of the defendant's representation to the contrary.

The plaintiff also fails to point to any evidence or any inference from any evidence that the GSA itself engaged in bad faith in canceling the solicitation.   The plaintiff's claims are based solely on the motives of the IRS, not the GSA, and there is nothing to suggest that, if IRS officials were acting in bad faith, they communicated their improper motives to GSA officials.

The plaintiff presents only speculation to suggest other documents exist to be uncovered. That speculation is insufficient to sustain the plaintiff's burden and warrant discovery.[4]

### D.   Discovery of Internal GSA Communications and Documents

The plaintiff next seeks discovery of all internal GSA communications regarding the cancelation of the solicitation.   This request fails for the same reason as the last one.   The plaintiff has offered some documentation that may support an inference of bad faith on the part of IRS officials.   The plaintiff has offered nothing to implicate anyone at the GSA in any effort to deprive the plaintiff of the lease for improper reasons.   With no basis on which even to infer bad faith by GSA officials, there is no basis under the prevailing standard to allow the plaintiff to

---

[4] Should the IRS's FOIA production or other events demonstrate that there are additional, relevant interagency communications that were not included in the administrative record, the plaintiff remains free to seek reconsideration of this aspect of this decision.

engage in discovery of the GSA.  Further, in the absence of any evidence to the contrary, the defendant's representation that all relevant internal GSA communications and documents are included in the administrative record should be credited.

### E.    Depositions

Finally, the plaintiff seeks to depose two IRS officials and the GSA contracting officer. Depositions have occasionally been allowed in bid protests.  When they are to be allowed, they should be a last resort.  The plaintiff alleges that bad faith on the part of the IRS pervaded the IRS's approach to the solicitation and its cancelation.  Inferences can be drawn from some of the FOIA documents to support the plaintiff's claim.  A deposition of an IRS official involved in the cancelation decision could assist the plaintiff in satisfying its very steep burden of showing such bad faith by the irrefragable evidence required.  The plaintiff, however, failed to carry its burden under *Axiom* of showing that the discovery is required because the existing record "precludes effective judicial review."  *AgustaWestland*, 880 F.3d at 1331.  The plaintiff has made no argument as to why effective judicial review is precluded absent the requested depositions, especially when additional documentation may still be produced by the IRS under FOIA.

Because the plaintiff has not satisfied the applicable legal standard, the motion to take depositions is denied.  Pending the plaintiff's receipt of Mr. Mount's emails, the denial of the motion with respect to Mr. Mount is without prejudice.

## IV.    CONCLUSION

The plaintiff's motion is granted in part and denied in part.  The motion is **GRANTED** with respect to the documents at ECF 1-1, at 7-8; 11-12; 13; 22; 30-31; and ECF 1-2 at 6-7. These documents are added to the administrative record.  The plaintiff's request for discovery regarding documents and emails involving Mr. Mount between June 16, 2022, and November 16, 2022, and the request to depose Mr. Mount are **DENIED** without prejudice.   The motion is **DENIED** in all other respects.

The parties shall propose any redactions to this Memorandum Opinion and Order no later than **July 7, 2023**.  The parties shall file a joint status report no later than **July 7, 2023**, proposing a revised schedule for the filing and briefing of cross-motions for judgment on the administrative record.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**