# In the United States Court of Federal Claims

No. 23-457
Filed under seal: August 9, 2023
Reissued: August 16, 2023[*]
NOT FOR PUBLICATION

---

**BEAR MOUNTAINSIDE REALTY LLC,**

*Plaintiff,*

v.

**UNITED STATES,**

*Defendant.*

---

*Gordon Griffin*, Holland & Knight LLP, Washington, D.C., with *Hillary J. Freund* and *Richard Ariel*, of counsel, for the plaintiff.

*Matney E. Rolfe*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for the defendant.

## MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

The plaintiff owns an office building in New Jersey. It submitted a proposal in response to a solicitation by the General Services Administration ("GSA") to lease space to the Internal Revenue Service ("IRS"). The GSA subsequently canceled the procurement, and the plaintiff filed this bid protest challenging the cancelation. The plaintiff thereafter filed a motion to supplement the administrative record. (ECF 23.) Following a hearing, the plaintiff's motion was granted in part and denied in part. *Bear Mountainside Realty LLC v. United States*, No. 23-457, 2023 WL 4399993, at *1 (Fed. Cl. July 7, 2023). The request to supplement the administrative record was granted with respect to specific emails among IRS employees and between IRS and GSA employees. The plaintiff had obtained these emails through a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

---

[*] Pursuant to the protective order in this case, this opinion was filed under seal on August 9, 2023. The parties were directed to propose redactions of confidential or proprietary information by August 16, 2023. The parties did not propose any redactions. (ECF 40.) Accordingly, this opinion is reissued in its original form for public availability.

The plaintiff's request for discovery seeking documents and emails from Terry Mount, the IRS Chief of Portfolio Management, was denied without prejudice so the IRS could complete its response to the plaintiff's FOIA request.  The plaintiff's request to depose Mr. Mount was also denied without prejudice.  The plaintiff's other requests for discovery, including the request to take a deposition of Alanna Fitzpatrick, the GSA contracting officer responsible for the procurement at issue, were denied.

Since the ruling on the prior motion to supplement the administrative record, the plaintiff has received the remaining documents responsive to its FOIA request.  (ECF 35 at 2.)  The plaintiff has averred that the documents produced only included one relevant email that had not previously been provided, namely "a draft justification for the request for cancellation that was never submitted to GSA."  (*Id.* at 2 n.1.)

On July 28, 2023, the plaintiff filed a second motion to supplement the administrative record.  (ECF 35.)  The plaintiff seeks permission to take depositions of Mr. Mount and Ms. Fitzpatrick.  The plaintiff argues that the documents the Court allowed to be added to the administrative record reflect a motivation for government employees to act in bad faith, and that additional discovery could produce evidence to overcome the presumption of regularity given to government officials in bid protests.  *See Starry Assoc., Inc. v. United States*, 125 Fed. Cl. 613, 621-22 (2015).  In the alternative, the plaintiff seeks to serve interrogatories on the defendant.

The defendant filed its opposition on August 7, 2023.  (ECF 37.)  The defendant argues that the available record allows for meaningful judicial review, so the holding in *Axiom Resource Management, Inc. v. United States*, 564 F.3d 1374, 1379-81 (Fed. Cir. 2009), precludes further discovery or supplementation of the administrative record.  The defendant argues that the plaintiff's prior request for depositions was denied because the plaintiff had failed then to show that the administrative record precludes effective judicial review.  The defendant also opposes the scope of the plaintiff's proposed depositions and interrogatories, arguing that they are overbroad and may call for information subject to privilege.  Oral argument was held on August 9, 2023.

The emails included in the administrative record may support the inference that IRS employees had an improper motivation to avoid awarding the lease to the plaintiff, namely that they personally disliked its building and space.  These emails provide facts, not speculation or innuendo, that IRS employees involved in the solicitation disliked the plaintiff's building and wanted to take steps to avoid awarding the contract to the plaintiff.[1]

---

[1] The defendant argues that supplementation of the record and discovery are inappropriate when "'the conduct upon which plaintiff relies can be explained absent bias or bad faith.'"  (ECF 37 at 12 (quoting *Price Gordon Servs. v. United States*, 139 Fed. Cl. 27, 51 (2018).)  If this quote expressed the correct standard for evaluating whether to allow discovery in a bid protest arguing bad faith by an agency, it would be virtually impossible for any plaintiff to meet it.  Under this

For example, one IRS employee in September 2022 emailed another "DON'T SIGN ANY [ ] AWARD LETTERS" when he found out that the plaintiff was going to be awarded the contract. (ECF 1-2 at 6.)  In that same email, the employee wrote that "[i]f there was a market survey, why did we not tell GSA to eliminate a building.  Sure would have a letter on file telling GSA that we will not occupy Mountainside if awarded.  That's where we are heading now unfortunately."  In another email on the same chain, dated less than a month before the IRS requested the GSA cancel the solicitation, an IRS employee wrote "[w]e should have made the territory move from Mountainside into Springfield two years ago when we talked about it." (*Id.*) Another email chain from that same day in September 2022 reiterated the following bullet from a 2017 email: "**The current Mountainside building is unacceptable to IRS.  We will not agree to occupy this building if GSA runs a competitive action**." (ECF 1-1 at 7-8 (emphasis in original).)

The failure of the plaintiff's FOIA request to produce additional relevant documents may also be probative by lending further support to the inference that the IRS's proffered justification for requesting that the GSA cancel the solicitation was pretextual.  The existing record, including the FOIA documents, provides no contemporaneous documentation to substantiate the IRS's stated justification that it requested cancelation of the solicitation because it was "looking to consolidate IRS operations [in Mountainside] and in Springfield to the Iselin area due to changing IRS business needs." (AR 3572-74; *see also* AR 3809 (an IRS employee's affidavit to the Government Accountability Office noting that office needs had changed since COVID-19 had subsided).)[2]  The IRS's initial request to cancel the solicitation was sent to the GSA on October 20, 2022, although further details, aside from the claim that the IRS was "reviewing [its] business needs," were not provided to the GSA until November 3, 2022. (AR 3572-74.)  The only documents supporting that explanation, however, are two emails sent on October 27, 2022, a week after the request to cancel the solicitation was sent. (ECF 1-1. at 11-12.)

The combination of the evidence of possible improper motive and the absence of evidence of internal IRS consideration of its space needs prior to the initial request for cancelation of the solicitation supports giving the plaintiff an opportunity to conduct further discovery that is circumscribed to focus on the asserted justification for the IRS's request to the GSA to cancel the solicitation.

---

test, discovery could only be obtained if the plaintiff could already demonstrate bad faith because a government official could almost always provide some plausible, but pretextual, justification for a bad faith action.  In a case in which an agency's action was impossible to explain absent bad faith, there would be no need to conduct discovery because the plaintiff would already be able to show bad faith on the existing record.  The defendant's argument based on *Price Gordon* goes too far by effectively conflating the standard to prevail on the merits with the standard to take discovery and supplement the administrative record.

[2] Citations to the administrative record (ECF 22) are cited as "AR" with the pagination reflected in that record as filed with the court.

While the defendant continues to stand behind the lack of evidence of any improper motive by the deciding agency, the GSA, the record reflects that the GSA, while making its own determination to cancel the solicitation, did rely on the request of the IRS.  On the current record, and without briefing on the merits of the issue, it is premature to cut off the plaintiff's ability to make an argument that the request by the IRS to the GSA to cancel the solicitation was made in bad faith to pursue an improper motive.  Even if the plaintiff can make that showing, the defendant might still prevail, but that issue must be left for briefing on the merits.  For now, the record, both in what is contains and what it lacks, supports the plaintiff's request for limited additional discovery.

Depositions are intrusive and the prior opinion already referred to them as a "'last resort.'"  *Bear Mountainside Realty LLC*, 2023 WL 4399993, at *4 (quoting *Orion Int'l Techs. v. United States*, 60 Fed. Cl. 338, 346 (2004)).  Depositions are particularly disfavored when they may touch on the edges of privileged areas that could provoke objections and directions to the witness not to respond; such objections could in turn lead to satellite litigation especially disfavored in bid protests that are meant to be resolved expeditiously.  The plaintiff's request to depose Mr. Mount and Ms. Fitzpatrick is denied.

The plaintiff's request to serve interrogatories on Ms. Fitzpatrick related to what the GSA knew is denied.  The plaintiff's previous request to supplement the record with additional evidence regarding the GSA was denied.  The plaintiff's motion as to Ms. Fitzpatrick and the GSA is therefore a motion to reconsider.

The plaintiff has not provided any new information showing that Ms. Fitzpatrick was ever informed of IRS employees' personal dislike of the plaintiff's building.  At best, the record reflects that unspecified GSA employees learned at some point that the IRS did not want to remain in the plaintiff's building.  (ECF 1-2 at 6 (IRS employee noting, without specifying when, that "GSA was informed that we did not want this building").)  Even if Ms. Fitzpatrick was aware of the IRS employees' dislike of the plaintiff's office, there is nothing inherently improper or illegal with IRS employees telling the GSA that they do not want to work in a particular building.  This information alone would not give Ms. Fitzpatrick a reason to suspect the IRS was providing pretextual reasons to cancel the solicitation.  The plaintiff again "fails to point to any evidence or any inference from any evidence that the GSA itself engaged in bad faith in canceling the solicitation" and "has offered nothing to implicate anyone at the GSA in any effort to deprive the plaintiff of the lease for improper reasons."  *Bear Mountainside Realty LLC*, 2023 WL 4399993, at *6-7.

Limited discovery from the IRS is appropriate, and the plaintiff will be permitted to serve interrogatories on the defendant.  These interrogatories must be limited to the specific issue underlying the claim; that issue is whether the justification provided by the IRS to the GSA in support of its request to cancel the solicitation was a pretext for an improper motive or to cover up animus towards the plaintiff.  The plaintiff has proffered proposed interrogatories for approval.  Interrogatories 1-4, 6, and 7 do not go directly to the relevant issue.  The plaintiff will not be permitted to submit these interrogatories.

Interrogatories 8, 9, and 10 do go to the relevant issue and the plaintiff may submit these interrogatories to the IRS without modification.

The plaintiff will only be able to inquire into the IRS's actions, not those of the GSA. Accordingly, the plaintiff may serve interrogatories 5a and 5b so that they are addressed to the IRS and not the GSA.  These interrogatories may be served as modified below:

5a. When did the IRS first inform GSA Contracting Officer Ms. Alanna Fitzpatrick about a change in IRS requirements which led to the cancellation of the Solicitation?  Please identify the date(s) of the occurrence, describe the facts, and identify the persons involved.

5b. Before GSA informed the IRS that Bear Mountainside was the lowest-priced technically acceptable offeror based upon initial offers and that GSA would likely award a lease to Bear Mountainside, did the IRS ever inform GSA of any change in IRS requirements related to the Solicitation? If so, please identify any/all occurrences, the date of each occurrence, describe the facts, and identify the persons involved.

The responses to these interrogatories may provide the plaintiff with information that could enable the plaintiff to overcome the presumption of regularity.  Absent such discovery, it would be difficult to discern whether the IRS' proffered reasoning to the GSA was genuine, as the administrative record currently lacks significant documentation to substantiate it.  Responses to the interrogatories may also significantly undermine the plaintiff's claim and could, in turn lead to the plaintiff dismissing the suit, conserving the parties' resources.

The plaintiff's motion is granted in part and denied in part.  The motion for additional discovery is **GRANTED** with respect to proposed interrogatories 8, 9, and 10, and interrogatories 5a and 5b, as modified above.  The plaintiff's request to depose Mr. Mount and Ms. Fitzpatrick or, in lieu of deposing her, to serve interrogatories on the GSA is **DENIED**.  The plaintiff shall serve its interrogatories on the defendant by **August 10, 2023**, and the defendant shall provide its responses to the plaintiff by **August 17, 2023**.  The briefing schedule on the cross-motions for judgment on the administrative record shall remain unaffected by this Order.

The parties shall propose any redactions to this Memorandum Opinion and Order no later than **August 16, 2023**.

It is so **ORDERED**.

s/ Richard A. Hertling

**Richard A. Hertling**
**Judge**